Daniels, J.
The relators, with another person, were appointed by the mayor and aldermen of the city of New York, as commissioners of excise, for a term of three years from the 1st of May, 1883, and until other commissioners should be appointed in their places. On the 1st of May, 1886, the mayor of the city of New York appointed William S. Andrews a commissioner of excise for the city, in place of Nicholas Haughton, and Charles H. Woodman in place of William P. Mitchell, and John Von Glahn' in place of John J. Morris. The relators deny the power of the mayor himself to make these appointments. They were made by him under the authority of chap. 43 of the Laws of 1884, entitled ‘ ‘An act to center responsibility in the municipal government of the city of New York.” This act took effect on the first day of January, 1885, and by its first section it was directed that “ all appointments to office in the city of New York now made by the mayor, and confirmed by the board of aldermen, shah hereafter be made by the mayor, without such confirmation. ”
That appointments to the office of excise commissioners were, previous to the enactment of this law, made in the city of New-York, has not been denied by the plaintiffs. Neither can it be denied that such appointments were made by the mayor and confirmed by the board of aldermen. And that would seem to bring the offices strictly within this act, even though the counsel may be right in the position taken, that they are officers appointed to execute state authority.
The law providing for this manner of appointment was enacted by chap. 175 of the Laws of 1870. This act by its second section, provided for the appointment of commissioners in. each of the cities of the state, except the cities of New York and Brooklyn, by the mayor of such city himself, but in the cities of New York and Brooklyn, it was required that “the mayor should nominate three good and responsible citizens, to the board of aldermen of such cities respectively, who should confirm or reject such nominations. In case of the rejection of such nominees, or any of them, the mayor, it was directed, shall nominate other persons as aforesaid, and shall continue so to nominate until the nominations shall be confirmed.” This enactment was in like manner carried into and repeated in section 2 of chapter 145 of the Laws of 1879, and it was again in the same language re-enacted by section 109 of chapter 410 of the Laws of 1882, know as the “Consolidation Act.” Under all these laws, the commissioners of excise in the city of New York, were required to be nominated by the mayor, and confirmed by the aldermen, to make their appointment legal, or complete, to these offices. *721 The object of the first of these laws as that was considered in Board of Excise v. Garlinghouse (45 N. Y., 240), was to make the commissioners of excise when so appointed, boards of the city in which their appointments should be made. This was declared to be the effect of the enactment contained in the Law of 1870. For there it was said that the purpose of the act “ seems to have been to change the excise boards from county boards to town, village and city boards, so that each locality would be assured of that personal knowledge, supervision and vigilance, deemed to be indispensable to the proper discharge of the important duties committed to their charge, in determining the proper persons to whom licenses should be granted, as well as the circumstances justifying the exercise of that power. Id., 251.
But whether these laws had the effect of changing commissioners of excise appointed in the cities, to city officers or no, it is unnecessary further to discuss or determine. For under the statutes preceding the Law of 1884, whatever may have been their official standing, they were required to be nominated by the mayor and confirmed by the board of aldermen when the appointment should be made in the city of New York. And it was to change the tenure of office, or mode of appointment, in this respect, that the act of 1884 was passed. And it was enacted to include all appointments to offices in the city of New Y ark made by the mayor and confirmed by the aldermen. The appointments of commissioners of excise were such appointments to office as in this statute in this manner has been mentioned. And as it was made to include all such appointments as might previously be' made by the mayor and confirmed by the board of aldermen, it necessarily included the offices of commissioners of excise. The mayor accordingly without the confirmation of the board of aldermen, was empowered by this act of 18-84, to make the appointments for excise commissioners which he did. And it follows, that judgment should be directed for the defendants, without _ costs,_ upon the case submitted by the parties for the consideration and decision of the court.
Davis, P. J., and Beady, J., concur.